No.

In the United States District Court

for the Northern District of Texas

**4-25CV-862-P**

Ft. Worth

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

AUG 1 2 2025

CLERK, U.S. DISTRICT COURT
By_____
Deputy

Honesty L. Truth , plaintiff ,

v.

Parkery County Sheriff's Department , et al ., defendant ,
Parker County Sheriff Jessica Galvan , defendant ,
Parker County Jail , defendant ,
Willow Park Police Department , defendant ,
Willow Park Texas Constable, defendant
Officer Ryan Malwitz , defendant ,
Lieutenant Quincy Hamilton , defendant
Police Chief Daniel Franklin , defendant
Texas Department of Criminal Justice , defendant ,
Sargent Drake Sowders , defendant ,
Warden Audrey England , defendant ,
Captain Rogelio Montalvo , defendant ,
Sargent Griffin , defendant ,
Bryan Collier , defendant ,

No.

In the United States District Court

for the Northern District of Texas

Ft. Worth

Honesty L. Truth , plaintiff ,

v.

Parkery County Sheriff's Department , et al ., defendant ,
Parker County Sheriff Jessica Galvan , defendant ,
Parker County Jail , defendant ,
Willow Park Police Department , defendant ,
Willow Park Texas Constable, defendant
Officer Ryan Malwitz , defendant ,
Lieutenant Quincy Hamilton , defendant
Police Chief Daniel Franklin , defendant
Texas Department of Criminal Justice , defendant ,
Sargent Drake Sowders , defendant ,
Warden Audrey England , defendant ,
Captain Rogelio Montalvo , defendant ,
Sargent Griffin , defendant ,
Bryan Collier , defendant ,

Plaintiffs Original Petition

Count I. R.I.C.O.

Count II. Conspiring to Interfere with the Due Process

Count III. Violation of First Amendment

Count IV. Assault

Count V. Retaliation

Count VI. Malicious Prosecution under the Fourth Amendment

Count VII. False arrest / imprisonment

Count VIII. Violation of the Due Process Clause / 14th Amendment

Count IX. Violation of Miranda

Count X. Violation of the Fifth Amendment

Count XI. Violation of the Fourth Amendment

Count XII. Violation of the Eighth Amendment

Count XIII. Unlawful Detention

Count XIV. Bodily Harm, Extreme pain, loss of life , liberty and freedom in Violation of Fourth, Fifth , Eighth , and Fourteenth Amendment

Count XV. Cruel and unusual punishment under the Eighth Amendment

Count XVI. Violation of equal protection and due process under the Fourteenth Amendment

Count XVII. Assault

Count XVIII. Battery

Count XIX. Negligent Hiring, Training, and Supervision of Employees

Count XX. Negligent Implementation of Policy

Count XXI. Personal Injury

Count XXII. Excessive Force

Count XXIII. Denial of Access to the Court

Count XXIV. Threats of Terror

Count XXV. Harassment

Count XXVI. Violation of TDCJ Use of Force Policy

Count XXVII. Negligence

Count XXVIII. Gross Negligence

Count XXIX. Professional Negligence

Count XXX. Property Damage

Count XXXI. Common Law Assault and Battery

Count XXXII. Discrimination

Count XXXIII. Medical Malpractice

Count XXXIII.  Abuse of Process

Count XXXIV. Fraudulent Misrepresentation

XXXV. Tampering with Evidence

Cause of Action Relationship of Parties

On December 29 , 2021 the plaintiff Honesty L. Truth was travelling from Los Angeles , California back to her home in Miami , Florida when her black 2010 Mercedes Benz C300 stalled on the I-80 E expressway shoulder near the Quality Inn in Willow Park Texas. The plaintiff called the 911 operated requesting a motorists assist , eventually two Willow Park Police Department Officers were dispatched to assist the plaintiff with her car. While waiting on the dispatched officers to arrive, two civilians pulled over to the side of the expressway where the vehicle was disabled offering to allegedly help the minority woman get her car back started. All efforts between the police and the civilians to start the vehicle were done to no avail, Willow Park Police Department Brad Sims then adamantly suggested that the plaintiff go stay at the Quality Inn in Willow Park Texas for the night  As the night progressed into the early morning hours of December , 30 , 2021 Willow Park Police Department advised that the plaintiff leave her vehicle on the shoulder of the expressway, and considered getting a jump start or tow later in the morning. Willow Park Police Officers did not offer to take the plaintiff to the nearby Quality Inn, located directly off of the next exit, instead the advised she got into the car of one of the random civilians who stopped on the expressway shoulder at the point at which police would follow behind them to the hotel.

Please take judicial notice and review ( Exhibit 1 ) the motorist assist report pertaining to the plaintiff in Willow Park on December 30 , 2021

Before departing the scene of the motorists assist and following the plaintiff and civilians to the hotel, Willow Park Police Department did check the vehicle and

identification information of one of the two civilians who had stopped to allegedly help the plaintiff jump start her car. They failed to get the vehicle and identification information of the second civilian who also joined the plaintiff and first civilian at the Quality Inn.

When the plaintiff and civilians arrived to the Quality Inn in Willow Park Texas , Officer Brad Simms got out of his patrol car and met with the plaintiff and civilian one at before the plaintiff went inside the hotel entrance. The plaintiff checked into the Quality Inn at approximately one in the morning ( 1 am ) on December , 30 , 2021. She notified the civilians that they could stay the night, all she ask is that they help assist her with her car in the morning. Throughout the night the plaintiff called the 911 operator to see if Jason Spears or Brad Sims could check on her car as they had promised. The plaintiff was directed to call the non emergency line to do so.

Please take judicial notice and review ( Exhibit 2 ) screenshots of phone calls from the plaintiff to the non emergency line December , 30 , 2021

By 8:30 am December 30 , 2021 the plaintiff was being robbed of her deposit by one of the motorist assist civilians who's efforts were supported by the Quality Inn associate Amanda Ellis who quickly made a false allegation call to Willow Park Police about the plaintiff engaging in drug activities.

Approximately thirty minutes before Willow Park Police were dispatched to the Quality Inn , a 911 call was made by a witness by the name of Tobias Wilcox in reference to the plaintiffs vehicle. The plaintiff was unaware that a random civilian Tobias Wilcox had called 911 notifying the operator that he was witnessing a robbery and burglary on the plaintiffs 2010 Mercedes C300. The vehicle description and identity that Mr. Wilcox provided matched that of the civilian at the plaintiffs motorist assist encounter , who's vehicle and identification information was not ran. Willow Park Police Department Officers were dispatched to the scene of the vehicle burglary / robbery , dispatched officers included Officer Quincy Hamilton and Corporal Ryan Malwitz, both of whom responded to the plaintiffs Quality Inn call.

When Willow Park Police Department arrived they already had preconceived biases about the plaintiff , Ryan Malwitz called the plaintiff , " A Black Lives Matter" as soon as he saw the plaintiff , and when in route to the plaintiffs hotel room door , Quincy

Hamilton called the plaintiffs vehicle " A dope car ", at the point of interaction with the plaintiff, Willow Park Police Departments preconceived biases triggered a premeditated plan which cause Willow Park Police Department Captain Daniel Franklin to advise Quincy Hamilton to execute an arrest of the plaintiff prematurely.

Quincy Hamilton asked the plaintiff to come out of her hotel room, but she declined to do so, as she was attempting to record her interaction with police on her Instagram Live Feed because she was by herself in a rural part of Texas, afraid of what could happen next to her.
The defendants Willow Park Police Department, defendant, Captain Daniel Franklin, defendant, Corporal Ryan Malwitz, and defendant, Officer Quincy Hamilton admittingly violated the plaintiffs fourth amendment right to the United States Constitution because they did not procure a warrant prior to executing her arrest inside of the hotel room. Ryan Malwitz admitted during a suppression hearing for criminal prosecution that he did not admonish the plaintiff her Miranda rights, prior to the plaintiff rendering the statements that became the sole piece of evidence in her trial.

After defendant, Ryan Malwitz placed the plaintiff in his patrol car, he returned to her hotel room where they did not find any marijuana or marijuana paraphernalia, nor did they hint at any scent of marijuana while they were searching the room. Still defendant, Ryan Malwitz decided to book the plaintiff at the Parker County Texas jail.

In route to the defendant, Parker County Jail, the plaintiff noticed her vehicle was missing on the shoulder of the expressway where she had left it at. She inquired about her car and defendant, Ryan Malwitz notified her that it was towed because it was broken into. He stated that he tried to chase down the suspect but was unsuccessful. This was the first time the plaintiff became aware of the burglary. Scared for her life due to the horrific memories of stories about black women like Sandra Bland who was randomly found dead in Waller County Texas following a minor traffic stop and arrest, the plaintiff feared her life may too, become another log in the journal of tragic events that have occurred while civilians were in Police custody.

The plaintiff was later charged while in custody for retaliation due to a questionable statement rendered. Once the plaintiff was placed in defendant, Parker County Jails custody she was put in a holding cell by herself were she was later harassed by multiple officers. A day or two later she was placed in a solitary confinement cell. During her

incarceration at ,defendant , Parker County Jail , the plaintiff Honesty Truth spent sixteen of her eighteen total months at the facility in solitary confinement. She was without a television for over seven months. Officers would yell at her , throw trash at her , slam her cell window , watch her shower naked , not do wellness checks , refuse her toilet paper , assault her , commit unnecessary use of force's , take the phone from her , not give her rec , refuse her church services , and more.

Minimal grievances were responded to. Grievance that addressed racial barriers were ignored. Her mail was tampered with and withheld , somewhere between the District Attorney's office and defendant , Parker County Jail , the plaintiffs Discovery was tampered with and destroyed in order to prevent use in her criminal defense.

There came a point when the plaintiff had to grieve matters in emails , because the abuse would not stop , and most of her grievances weren't being responded to.

Please take judicial notice and review ( Exhibit 1 ) an email



FROM:
Honesty L Truth
P.O. Box 11052
Lou, KY 40251

TO:
United States District
Court for the Northern
District of Texas
Ft Worth Division
501 W 10th St
Room 310
Ft. Worth, TX 76102

RECEIVED
[AUG 1]2 2025
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

PRIORITY MAIL
FLAT RATE ENVELOPE
POSTAGE REQUIRED

US POSTAGE PAID $11.00
Origin: 40211
08/08/25
2048020011-18

PRIORITY MAIL®
0 Lb 2.80 Oz
RDC 03
C024

EXPECTED DELIVERY DAY: 08/11/25

SHIP TO:
STE 310
501 W 10TH ST
FORT WORTH TX 76102-3641

USPS TRACKING® #
9505 5134 5107 5220 4352 13

PS00000100000014
EP14F October 2023
OD: 12 1/2 x 9 1/2